**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Polotani LATU, a.k.a. P, a.k.a. Paul,**
**Defendant-Appellant.**

**No. 16-10032**

United States Court of Appeals,
Ninth Circuit.

Submitted December 14, 2016 *

Filed December 19, 2016

Thomas C. Muehleck, Assistant U.S. Attorney, DOJ—Office of the US Attorney, Honolulu, HI, for Plaintiff-Appellee

Polotani Latu, Pro Se

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: WALLACE, LEAVY, and FISHER, Circuit Judges.

## MEMORANDUM **

Polotani Latu appeals pro se from the district court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Latu contends that he is entitled to a sentence reduction under Amendment 782 to the Sentencing Guidelines. We review de novo whether a district court had authority to modify a sentence under section 3582(c)(2). *See United States v. Sykes*, 658 F.3d 1140, 1144 (9th Cir. 2011). Latu's 240-month sentence reflects the mandatory minimum for his offense. *See* 21 U.S.C. § 848(a). The mandatory minimum applies in section 3582(c)(2) proceedings. *See Sykes*, 658 F.3d at 1147–48. Thus, the district court correctly concluded that it had no authority to reduce Latu's sentence below 240 months. *See id.* at 1148.

To the extent Latu contends that he would not be charged with a crime carrying a mandatory minimum sentence under current Department of Justice discretionary policy, his claim is not cognizable in a section 3582(c)(2) proceeding. *See Dillon v. United States*, 560 U.S. 817, 826, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.